CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
*for* C'Ville
SEP 0 9 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ROY B. HARRIS III, | CIVIL ACTION NO. 3:05CV00014 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| AMERICREDIT FINANCIAL SERVICES, INC., | |
| ABSOLUTE RECOVERY, INC., | |
| *Defendants.* | JUDGE NORMAN K. MOON |

Before the court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the Defendant, Absolute Recovery, Inc., on April 7, 2005. Absolute Recovery moves the Court to dismiss for failure to state a claim all three counts of the Plaintiff's March 8, 2005 complaint. Count I of the complaint alleges that Absolute Recovery is liable to the Plaintiff for violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 et seq. Count II alleges defamation under Virginia law. Count III alleges intentional infliction of emotional distress. For the reasons stated below, the Court will deny Absolute Recovery's motion to dismiss as to Counts I and II and will grant the motion as to Count III.

## I. Facts

In September of 2002, the Plaintiff purchased a car which was financed by Americredit

1

Financial Services, Inc., a creditor, to the amount of $37,394.80, payable in 60 installments of $556.58 at an interest rate of 18.95%. By January of the next year, the Plaintiff began to have trouble making the monthly payments in a timely fashion, at which time the creditor began attempts to collect amounts outstanding on the loan. Eventually the creditor hired Absolute Recovery, a repossession agency, as an independent contractor in order to have the car repossessed. The Plaintiff alleges that on January 21, 2005, an employee of Absolute Recovery came to the store in which he worked and demanded, in the vicinity of customers, that the Plaintiff hand over the keys to the car. After the Plaintiff hesitated to give up the keys, the Absolute Recovery employee accused him of criminal behavior and threatened to have him arrested by a County Sheriff said to be waiting outside. The Plaintiff alleges that the employee made these statements in a loud voice for nearby customers to hear. Distraught by the unfolding events, the Plaintiff gave him the keys to the car.

The Plaintiff alleges that Absolute Recovery's words defamed his good reputation in the community in which he lives. He furthermore alleges that these words have caused him to suffer severe emotional distress, in the form of nightmares, depression, loss of self esteem, and nightly episodes of crying.

## II. Standard of Review

In deciding any motion to dismiss under Rule 12(b), a court must construe the plaintiff's pleadings liberally, taking all facts alleged in the complaint as true and resolving all doubts and drawing all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999); Charles Alan Wright and Arthur Miller, Federal Practice and Procedure § 1363 at 463 (West Supp. 2004). A

2

motion to dismiss for failure to state a claim under Rule 12(b)(6) must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. Count I - Violation of the FDCPA

The purpose of the FDCPA is to prohibit certain abusive practices by debt collectors. 15 U.S.C. § 1692(e). The terms of the statute apply only to debt collectors, which are defined to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). For purposes of violations of § 1692f(6), statutory debt collectors also include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6). Courts presented with claims against repossession agencies have determined that they are enforcers of security interests and may, therefore, be held liable as debt collectors for § 1692f(6) violations. *See, e.g., Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir., 2003); *Jordan v. Kent Recovery Serv., Inc.*, 731 F. Supp. 652, 656 (D. Del. 1990); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 716-17 (M.D. Fla. 1997); *Tucker v. Raw Recovery*, 1998 U.S. Dist. LEXIS 20162 (D.N.C. 1998); *Meredith v. Pathfinders Detective and Recovery, Inc.*, 1983 U.S. Dist. LEXIS 20637 (S.N.C. 1983). Repossession agencies are not subject to FDCPA provisions beyond § 1692f(6). *See, e.g., Jordan*, 731 F. Supp at 657.

Section 1692f(6) provides that an enforcer of a security interest violates the FDCPA by:

3

(6) Taking or threatening to take any nonjudicial action to effect dispossession or

disablement of property if–

    (A) there is no present right to possession of the property claimed as collateral

        through an enforceable security interest;

    (B) there is no present intention to take possession of the property; or

    (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6). Absolute Recovery does not dispute that, as a repossession agency, it is

subject to this provision, but instead argues that the Plaintiff fails to state a claim by not alleging

a violation of one of the terms of this provision. However, the Plaintiff's amended complaint

alleges that Absolute Recovery violated §1692f(6)(A),(B), and (C) by taking the car on January

20, 2005 despite the fact that the creditor had made an agreement with the Plaintiff giving him

until January 28, 2005 to cure the late condition of the loan.

      Accordingly, the Court finds that the Plaintiff has alleged a violation of § 1692f(6) of the

FDCPA and will deny as moot Absolute Recovery's motion to dismiss as to Count I.

## IV. Count II - Defamation

      Absolute Recovery's sole objection to the Plaintiff's defamation claim is that the he did

not plead the exact words that are alleged to be defamatory. This objection, however, is moot as

the Plaintiff amended his complaint on August 4, 2005 to include the allegedly defamatory

words. Thus, the court will deny Absolute Recovery's motion to dismiss Count II as moot.

## V. Count III - Intentional Infliction of Emotional Distress

      Absolute Recovery argues that, as a matter of law, the Plaintiff's allegations do not meet

the substantive requirements for intentional infliction of emotional distress. Where the plaintiff

alleges no physical injury, his claim must meet four criteria in order to survive: (1) the wrongdoer's conduct is intentional or reckless; (2) the conduct is outrageous and intolerable; (3) the alleged wrongful conduct and the emotional distress are causally connected; and (4) the distress is severe. *Womack v. Eldridge*, 215 Va. 338 (1974). Claims for intentional infliction of emotional distress are not favored under Virginia law. *Ruth v. Fletcher*, 237 Va. 366 (1989). In response, the Plaintiff contends that his complaint complies with modern notice pleading, which only requires that he plead the elements of intentional infliction of emotional distress without having to substantiate them with evidence.

Under modern notice pleading, a complaint need only provide a "'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), sufficient to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Hatfill v. New York Times Co.*, 2005 U.S. App. LEXIS 15471, at *17 (4th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The liberal pleading standard of Rule 8, moreover, applies even to claims in diversity cases which are subject to stricter pleading requirements under state law. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002); *Hatfill*, 2005 U.S. App. LEXIS 15471, at *40. Thus, the Plaintiff's claim for intentional infliction of emotional distress, a disfavored action under Virginia law, need not be pled with the degree of specificity required by Virginia courts. *See Hatfill*, 2005 U.S. App. LEXIS 15471, at *40; *Ely v. Whitlock*, 238 Va. 670, 677 (Va. 1989) (holding that merely pleading severe emotional distress was insufficient to establish the fourth criterion because a plaintiff must allege all facts necessary to establish a cause of action for intentional infliction of emotional distress). In *Hatfill*, therefore, the Fourth Circuit found that the plaintiff had met the pleading standards in Rule 8 when he pled

5

only "severe emotional distress," *Id.* at *40, even though such a limited pleading could not withstand demurrer in *Whitlock.*

The instant claim for intentional infliction of emotional distress stands on different ground than the one in *Hatfill* because, unlike the claimaint there, the Plaintiff has specifically pled the symptoms of his emotional distress. Thus, in considering this claim on a motion to dismiss, the Court must determine whether the facts pled, taken as true and construed in the Plaintiff's favor, state a claim under Virginia's substantive law requirements for intentional infliction of emotional distress. The Court, in other words, conducts its analysis along the lines of Virginia's substantive law, not its pleading requirements.

The weakest point in the Plaintiff's claim for intentional infliction of emotional distress is the fourth criterion of severe emotional distress, which he claims to suffer in the forms of nightmares, loss of self esteem, depression, and nightly episodes of crying. Emotional distress is sufficiently severe only where it is "so severe that no reasonable person could be expected to endure it." *Russo v. White*, 241 Va. 23, 27 (1991). Looking at Virginia precedent, the elements of emotional distress pled by the Plaintiff closely resemble those found to not constitute severe emotional distress as a matter of law in a number of cases. *See, e.g., Russo*, 241 Va. at 28 (allegations of nervousness, sleeplessness, withdrawal, and stress were not enough to survive demurrer); *Starks v. McCabe*, 49 Va. Cir. 554, 559 (Va. Cir. Ct., 1998) (severe depression did not constitute severe emotional distress); *Hyatt v. Avco Fin. Servs. Mgmt. Co.*, 2000 U.S. Dist. LEXIS 13645 (D. Va. 2000) (loss of self esteem, depression, and sleep disturbances not enough to be severe emotional distress). The forms of distress pled by the Plaintiff, as a matter of law, are not so severe that no one could expect to endure them. Furthermore, they are similar to the

6

more mundane types of distress found to be not actionable in numerous cases. The Plaintiff's complaint, therefore, does not state a claim for intentional infliction of emotional distress under Virginia law. Accordingly, the Court will grant Absolute Recovery's motion to dismiss as to Count III of the Plaintiff's complaint.

## VI. Conclusion

In conclusion, for the above stated reasons, the Court shall GRANT IN PART and DENY IN PART Absolute Recovery's April 7, 2005 motion to dismiss. The Court shall DENY Absolute Recovery's motion as to Counts I and II, but GRANT the motion as to Count III. An appropriate order this day shall issue.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

ENTERED: _____
United States District Judge

_____
Date Sept. 9, 2005

7